[S. F. No. 14100. In Bank.—April 27, 1931.]

THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation) et al., Petitioners, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Robert Brennan, A. S. Halsted, E. E. Bennett, Frank Karr, C. W. Cornell, James E. Lyons, A. L. Whittle and A. Burton Mason for Petitioners.

Arthur T. George, Ira H. Rowell and Roderick B. Cassidy for Respondent Railroad Commission of the State of California.

PRESTON, J.—This is a proceeding by writ of review to determine the validity of decision number 22684 of the Railroad Commission of the state of California in cause number 2630, entitled *Chamberlain & Co., Inc., v. Atchison, Topeka & Santa Fe Railway Co.* By this decision the Commission found that the defendants (petitioners herein) had assessed and collected on shipments for the complainants charges in violation of section 24a of the Public Utilities Act (Stats. 1911, Ex. Sess., p. 18, re-enacted Stats. 1915, p. 115, amended Stats. 1925, p. 647), and ordered them to refund to the complainants all such charges accruing within the two-year period next preceding the filing of the complaint which were in excess of the charges contemporaneously in effect on like traffic from and to more distant points.

In short, the question presented is: Has the Railroad Commission jurisdiction to award damages by way of reparation on an unauthorized departure from the long-and-short-haul provisions of section 24a of said act? Petitioners contend that the remedy for such violations is to be found by resort exclusively to the courts. Respondents concede jurisdiction in the courts, but contend that the

Commission also has jurisdiction. There is thus presented purely a question of law for our determination.

Section 21 of article XII of the Constitution, as amended in 1911, is the source of the power to legislate upon this and all other forms of discrimination or excessive charges in the matter of transportation. That section, so far as here material, reads as follows: "No discrimination in charges or facilities for transportation shall be made by any railroad or other transportation company between places or persons, or in the facilities for the transportation of the same classes of freight or passengers within this state. It shall be unlawful for any railroad or other transportation company to charge or receive any greater compensation in the aggregate for the transportation of passengers or of like kind of property for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance, or to charge any greater compensation as a through rate than the aggregate of the intermediate rates. . . . "

Said section 24a reads in part: "No common carrier subject to the provisions of this act shall charge or receive any greater compensation in the aggregate for the transportation of persons or of a like kind or property for a shorter than for a longer distance over the same line or route in the same direction, within this state, the shorter being included within the longer distance, or charge any greater compensation as a through rate than the aggregate of the intermediate rates; but this shall not be construed as authorizing any such common carrier to charge or receive as great a compensation for a shorter as for a longer distance or haul. . . . "

From a contemplation of these two provisions alone, it will be observed that any greater compensation in the aggregate for the transportation of persons or a like kind of property for a shorter than for a longer distance over the same line, in the same direction, the shorter being included in the longer haul, is a plain violation of law. It will also be observed that this violation is but a special form of the more general discrimination provided against by the first paragraph of said provision of the Constitution. In other words, violation of the so-called long-and-short-haul clause is discrimination within the meaning of the

Constitution as well as within the meaning of the Public Utilities Act. (*Southern Pac. Co.* v. *Superior Court,* 27 Cal. App. 240 [150 Pac. 397, 404]; *California Adj. Co.* v. *Atchison etc. Ry. Co.,* 179 Cal. 140, 147 [13 A. L. R. 274, 175 Pac. 682].)

The said provision of the Constitution concludes with the following language: " . . . Nothing herein contained shall be construed to prevent the railroad commission from ordering and compelling any railroad or other transportation company to make reparation to any shipper on account of the rates charged to said shipper being excessive or discriminatory, provided no discrimination will result from such reparation." This provision, standing alone, unaided by supplementary legislation, would seem to be sufficient in and of itself to confer upon the Railroad Commission power to award reparation where rates charged are either excessive or discriminatory. The provision, although indirectly and somewhat negatively framed, when taken in connection with the other provisions of the Constitution on the subject, seems to confer upon the Commission full power to make an award in any case where reparation is authorized. The same conclusion is deduced from a consideration of the Public Utilities Act itself.

The Railroad Commission is a body upon which has been conferred important administrative authority together with a large measure of judicial power. (*Pacific Tel. & Tel. Co.* v. *Eshleman,* 166 Cal. 640 [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119]; *City of San Jose* v. *Railroad Com.,* 175 Cal. 284, 290 [165 Pac. 976]; *Southern Pac. Co.* v. *Railroad Com.,* 194 Cal. 734, 737 [231 Pac. 28].) When this fact is kept in mind no reason whatsoever exists for granting to the Commission the power to award reparation as to one class of discriminatory rates and to deny it that power as to another. The Interstate Commerce Commission Act, after which our own law is largely modeled, gives the aggrieved party the right to apply either to the Commission or to the courts for relief, in cases of this character. (Sec. 9, Interstate Commerce Act, U. S. Code, title 49.)

This brings us to a consideration of sections 71a and 71b and 73a of the Public Utilities Act. These sections read as follows:

71 (a) : "When complaint has been made to the Commission concerning any rate, fare, toll, rental or charge for any product or commodity furnished or service performed by any public utility, and the Commission has found, after investigation, that the public utility has charged an unreasonable, excessive or discriminatory amount for such product, commodity or service, the Commission may order that the public utility make. due reparation to the complainant therefor, with interest from the date of collection; provided, no discrimination will result from such reparation; and provided further, that no order for the payment of reparation upon the ground of unreasonableness shall be made by the Commission in any instance wherein the rate, fare, toll, rental or charge in question has, by formal finding, been declared by the Commission to be reasonable; and provided further, that no assignment of a reparation claim shall be recognized by the Commission except assignments by operation of law as in cases of death, insanity, bankruptcy, receivership or order of court."

71 (b) : "If the public utility does not comply with the order for the payment of reparation within the time specified in such order, suit may be instituted in any court of competent jurisdiction to recover the same. All complaints concerning unreasonable, excessive or discriminatory charges shall be filed with the Commission within two years from the time the cause of action accrues, and the petition for the enforcement of the order shall be filed in the court within one year from the date of the order of the Commission. The remedy in this section provided shall be cumulative and in addition to any other remedy or remedies in this act provided in case of failure of a public utility to obey an order or decision of the Commission."

73 (a) : "In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done, either by the Constitution, any law of this state or any order or decision of the Commission, such public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omis-

sion was wilful, the court may in addition to the actual damages award damages for the sake of example and by way of punishment. An action to recover for such loss, damage or injury may be brought in any court of competent jurisdiction by any corporation or person.''

█ The first of these sections provides for action by the Commission on complaints concerning "excessive or discriminatory" rates. Neither this section nor the provisos thereof have reference to any one as distinguished from another form of discrimination. █ Because the statute provides for action "after investigation", it is claimed that there is thus disclosed the intent to confine it to cases where a hearing on evidence is necessary to disclose the presence of discrimination and not to apply it to cases where, as here, a plain violation of the law is present and where no investigation or finding or other administrative duty is required to demonstrate its illegality.

This observation may argue for concurrent jurisdiction of the court but does not necessarily point to the conclusion that exclusive jurisdiction rests therein. █ It is well recognized that as to those cases of excessive charges or discrimination requiring the exercise of administrative functions to detect their presence, jurisdiction to award reparation is vested exclusively in the Commission. This follows because any other conclusion would materially impair the operation of the act and largely defeat its object. Federal cases are found showing the line of demarcation between cases upon this subject which are within the exclusive jurisdiction of the regulatory body and those in which the court has concurrent jurisdiction. The Interstate Commerce Act, after providing for relief similar to that given by our law, contains the following proviso in section 22 thereof: " . . . nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies . . . " (U. S. Comp. Stats. 1913, sec. 8595; 3 Fed. Stats. Ann., p. 851; U. S. C. A., Tit. 49, sec. 22, p. 298.)

In discussing the effect of this provision, the court in *Texas & Pac. R. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426 [9 Ann. Cas. 1075, 51 L. Ed. 553, 27 Sup. Ct. Rep. 350], said: "This clause, however, cannot in reason be

construed as continuing in shippers a common-law right, the continued existence of which would be absolutely inconsistent with the provisions of the act. In other words, the act cannot be held to destroy itself. The clause is concerned alone with rights recognized in or duties imposed by the act, and the manifest purpose of the provision in question was to make plain the intention that any specific remedy given by the act should be regarded as cumulative, when other appropriate common-law or statutory remedies existed for the redress of the particular grievance or wrong dealt with in the act." To the same effect see *Robinson* v. *Baltimore & Ohio R. Co.,* 222 U. S. 506 [56 L. Ed. 288, 32 Sup. Ct. Rep. 114].

As illustrating the class of cases where the court may take jurisdiction we find *Pennsylvania R. R. Co.* v. *International Coal Min. Co.,* 230 U. S. 184 [Ann. Cas. 1915A, 315, 57 L. Ed. 1446, 33 Sup. Ct. Rep. 893, 895], where the court entertained directly a suit for damages growing out of rebates given to others than plaintiff and, among other things, said: "Under the statute there are many acts of the carrier which are lawful or unlawful according as they are reasonable or unreasonable, just or unjust. The determination of such issues involves a comparison of rate with service, and calls for an exercise of the discretion of the administrative and rate-regulating body. For the reasonableness of rates, and the permissible discrimination based upon difference in conditions, are not matters of law. So far as the determination depends upon facts, no jurisdiction to pass upon the administrative questions involved has been conferred upon the courts. That power has been vested in a single body, so as to secure uniformity and to prevent the varying and sometimes conflicting results that would flow from the different views of the same facts that might be taken by different tribunals. None of these considerations, however, operates to defeat the courts' jurisdiction in the present case. For even if a difference in rates could be made between free and contract coal, none was made in the only way in which it could have been lawfully done. The published tariffs made no distinction between contract coal and free coal, but named one rate for all alike. That being true, only that single rate could be charged. When collected, it was unlawful, under any pre-

tense or for any cause, however equitable or liberal, to pay a part back to one shipper or to every shipper.''

In this connection we should make special reference to the last paragraph of section 71 (b), which reads: ''The remedy in this section provided shall be cumulative and in addition to any other remedy or remedies in this act provided in case of failure of a public utility to obey an order or decision of the Commission.'' This language, different in form, is practically the same in meaning as the language of the Interstate Commerce Act discussed above. If the language is given the same restricted application given by the federal courts to similar language, then the whole provision would, under the construction contended for by petitioners, be meaningless and wholly without application for if the courts have exclusive jurisdiction in a case like the one before us and the Commission has exclusive jurisdiction as to all other reparation claims, this proviso has no function to perform. If it is to be given any meaning, either the courts must be accorded concurrent jurisdiction as to any and all reparation matters arising out of regulation or else the Commission must have exclusive jurisdiction as to some classes and concurrent jurisdiction with the courts as to all others. We think the latter position is the only sound one.

This construction seems further justified by a consideration of section 32a of the Public Utilities Act. This section provides that whenever the Commission finds that the rates charged are ''unjust, unreasonable, discriminatory or preferential, or in anywise in violation of any provision of law'', the Commission shall determine the rate to be observed, thus showing that regulatory action for future guidance may be taken after a hearing in cases where in the first instance a suit for damages could have been entered in a common-law court. In fact, the order before us provided rates for future observance by the petitioners. It is also pointed out by respondents that one complaint may contain allegations showing a contemporaneous violation of many other sections of the act and an orderly and efficient administration of the law would require a disposition of all the issues at one hearing. It should also be noted that where reparation is ordered in any case, it must also be enforced by the courts.

■ Section 73a of the act provides for general damages and also for consequential and even punitive damages in those cases where a public utility does an act forbidden by law or omits to do an act enjoined upon it by law or order of the Commission. Nothing in the provision declares this jurisdiction exclusive and when read in connection with sections 71a and 71b and other provisions of the act and in the light of the provision of the Constitution authorizing the creation of the Commission, we arrive at the conclusion, as above indicated, that the remedies given are to supplement each other and that the Commission has jurisdiction in all reparation cases and the courts have concurrent jurisdiction with it as to all such cases as involve no exercise of administrative or regulatory power.

The cases principally relied upon by petitioner do not involve the question here presented. Any language found therein seeming at variance with our conclusion here was not necessary to the determination of the cause and hence is not binding upon us. The case of *Southern Pac. Co.* v. *Superior Court, supra,* simply involved the question as to whether the court had jurisdiction of a reparation claim for violation of the so-called long-and-short-haul provisions of the law and it was held that it did have such jurisdiction but the question of whether it was exclusive was not involved. The case of *California Adj. Co.* v. *Atchison etc. Ry., supra,* was practically the identical question. The case of *Sunset Pac. Oil Co.* v. *Los Angeles etc. Co.,* 110 Cal. App. Supp. 773 [290 Pac. 434], from the appellate department of our superior court, rests upon the same foundation and as a deduction therefrom the court held that the general statute of limitations was applicable and not the limitation provided for in section 71b of the Public Utilities Act. There is nothing incongruous in holding that where the court has jurisdiction the limitation is for a specified period and that where the Railroad Commission has concurrent jurisdiction another period, longer or shorter, is prescribed.

It follows that the order of the Commission complained of is valid and that the same must be and it is hereby affirmed.

Richards, J., Shenk, J., Waste, C. J., Curtis, J., Langdon, J., and Seawell, J., concurred.