[Civ. No. 10397. Second Appellate District, Division Two.—September 26, 1935.]

E. T. CARTER, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

F. W. Turcotte for Appellant.

Ira H. Rowell, Roderick B. Cassidy and Frank B. Austin, as *Amici Curiae* on Behalf of Appellant.

Laselle Thornburgh, J. E. Lyons and Burton Mason for Respondent.

GOULD, J., *pro tem.*—Availing himself of section 71a of the Public Utilities Act of the state of California (Stats. 1915, p. 115, as amended), plaintiff applied to and obtained from the railroad commission a reparation award ordering defendant to refund to plaintiff certain freight charges in the aggregate sum of $431.79, found by the commission to have been in excess of the reasonable rates for gravel hauled from Fillmore, Ventura County, to certain Santa Barbara County points. As to this award no application was made to the railroad commission for rehearing and no petition was made to the Supreme Court for a writ of review.

When defendant failed to make payment of the award, plaintiff filed this suit to recover judgment for the same, following the permissive language of section 71b of the Public

Utilities Act. Defendant sought to avoid the award upon the ground that the rates under consideration by the commission were not excessive, that such rates had theretofore in other railroad commission proceedings been found to be reasonable, and that therefore the commission acted in excess of its jurisdiction in making any reparation award. Submitted upon an agreed statement of facts, the case was decided by the trial court in conformity with defendant's contention, and plaintiff appeals.

We are of the opinion that judgment should have been rendered for plaintiff. The superior court has no power to review or annul the order of the railroad commission involved herein. (*Pacific Telephone and Telegraph Co.* v. *Eshleman*, 166 Cal. 640 [137 Pac. 1119, Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652].) As provided in the Public Utilities Act, the remedy of defendant, if dissatisfied with the commission's order, was to seek a rehearing or apply to the Supreme Court for a writ of *certiorari*. And it makes no difference, so far as we can determine, whether the proceeding to fix the reparation award be regarded as judicial, *quasi*-judicial, administrative or legislative. The order of the commission, however it be designated, is reviewable only by the Supreme Court; and in fact that procedure has the implied sanction of such court in its review of reparation cases. (*Los Angeles & Salt Lake R. R. Co.* v. *Railroad Com.*, 207 Cal. 123 [277 Pac. 324] ; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Railroad Com.*, 212 Cal. 370 [298 Pac. 991].)

The judgment is reversed with directions to the trial court to enter judgment in favor of plaintiff in the sum of $431.79, together with interest as prayed, and to hear and determine the prayer of the complaint for exemplary damages, appellant to recover his costs on this appeal.

Crail, P. J., and Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 25, 1935.